(No. 34062.—

CARL ANDERSON *et al.*, Appellees, *vs.* THE COUNTY OF COOK, Appellant.

*Opinion filed November 26, 1956.*

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON B. NASH, MARTIN R. HANDELMAN, ROBERT G. MACKEY, CHARLES D. SNEWIND, WILLIAM SYLVESTER WHITE, and FRANCIS X. RILEY, of counsel,) for appellant.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Carl G. Anderson and his wife, Christine, filed suit against Cook County in the circuit court of Cook County, seeking a judgment declaring invalid a county zoning ordinance as it applies to their property. The trial court granted the relief requested, and the county appeals. Plaintiffs have not appeared or filed brief in this court.

In 1952 plaintiffs purchased and moved into the property in question, a two-story brick house situated in Cook County. They bought it because it contained two flats, one of which they hoped to rent out. They later discovered that under the county zoning ordinance the property was

restricted to single-family occupancy. A petition to change the classification was denied by the board of zoning appeals, and the denial was affirmed by the county board of commissioners. The present suit for declaratory judgment followed.

The area in which the subject property is located is classified as a "farming" district. The uses permitted in such a district include, among others, poultry and animal farms, greenhouses, nurseries, dog kennels, riding stables, and veterinary establishments. Residence use is limited to single family occupancy, with a designated minimum area required for each residence. It appears from the evidence that plaintiffs' house is located on a lot approximately 75 feet wide and 880 feet deep, in a sparsely settled area containing principally farms and residences. The next property to the east is improved with a brick and stone two-flat building. Immediately south of the subject property there is a nursery, and adjoining it on the west and north are farms. Elsewhere in the area, within a half-mile radius, there are a trailer sales agency, a motel, a trailer camp, a gun club, and a truck terminal, in addition to farm lands and residences. About a quarter of a mile to the southwest is a subdivision containing some 12 single family residences. An expert witness on behalf of plaintiffs testified that the presence of a two-apartment building in a farming district does not tend to lessen the value of surrounding real estate or increase traffic hazards, and that it has no relation to public health, comfort, or morals. However, defendant's expert testified that this was a single-family dwelling area; that to establish multiple dwellings here would amount to spot zoning of a single-family area; and that the only way the county could restrict the density of occupancy in areas with inadequate sewer, water, and school facilities, was by the establishment of single-family residence zones. No evidence was introduced showing the ex-

tent, if any, to which the value of plaintiffs' property is impaired by the restriction.

Defendant contends the evidence fails to establish the unreasonableness of the ordinance. It is well established that if there is room for a legitimate difference of opinion concerning its reasonableness, or if the question is fairly debatable, the courts will not interfere with the judgment of the legislative body. (*La Salle National Bank* v. *City of* Chicago, 5 Ill.2d 344.) Here the evidence shows that while the neighborhood contains some properties devoted to two-family residence and commercial uses, there is also a substantial number of farms and single-family residences. Its essential character is subject to a reasonable difference of opinion. The meager evidence in this record fails to indicate the extent to which property value is diminished by the ordinance, and there is little basis upon which to compare the public gain with the hardship imposed on the plaintiffs.

Plaintiffs having failed to afford this court the benefit of a brief, there is nothing from which we can ascertain the grounds upon which they rely to sustain the judgment below. We have carefully examined the evidence, however, and conclude it is not of the clear and affirmative character necessary to show the restriction arbitary or unreasonable as to their property. We have heretofore observed that a single-family territory is more desirable for residential purposes than one where two-family uses are permitted, and that the use of property for two-family purposes entails congestion and inconvenience having a substantial relation to public health and safety. (*Wesemann* v. *Village of La Grange Park,* 407 Ill. 81, 87.) In the absence of a showing that in this case the restriction is arbitrary and unreasonable, the presumption of validity prevails, and the ordinance must be upheld.

The restriction in question is doubtless a hardship upon the plaintiffs, who purchased the house in the reasonable

expectation of renting out one of the apartments, and the proposed use in this area may well be consistent with the purposes of the statute authorizing county zoning. (Ill. Rev. Stat. 1955, chap. 34, par. 152i.) But the present proceeding is not an action to review the decision of the county authorities in refusing to change the classification, nor did the plaintiffs attack the validity of the ordinance or statute generally. The sole question here is whether the ordinance, as applied to plaintiffs' particular piece of property, is arbitrary and without substantial relation to public health and safety. In such a case the courts cannot act as a zoning body or take any action to reclassify or rezone the property. *First National Bank of Lake Forest* v. *County of Lake,* 7 Ill.2d 213, 224.

We conclude that the plaintiffs failed to show by clear and affirmative evidence that the ordinance, as applied to their property, is unconstitutional. The judgment of the circuit court must therefore be reversed.

*Judgment reversed.*